UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATALIE DOBINA, | ) | Case No. 5:09cv2426 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| D. SCOTT CARRUTHERS, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the petition of Plaintiff Natalie Dobina for attorney fees and costs. (Doc. No. 15.) For the following reasons, Dobina's petition is **GRANTED** and the Court awards Dobina attorney fees and costs in the aggregate amount of $5,210.

I.      FACTUAL AND PROCEDURAL HISTORY

This is a Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, action. Plaintiff Natalie Dobina filed suit against Defendants D. Scott Carruthers and Regent Asset Management Solutions, Inc. (collectively, "Defendants"), on October 19, 2009. (Doc. No. 1.) After answering the complaint and engaging in initial disclosures pursuant to FED. R. CIV. P. 26(a), the parties engaged in settlement discussions, which were ultimately successful. On January 26, 2010, the Court held a telephone conference during which the parties informed the Court of the settlement, which, as discussed below, includes a provision for reasonable attorney

fees and costs. The parties consented to a decision by the Court on the attorney fees issue on briefs alone, and the Court established a briefing schedule. On February 1, 2010, Defendant served a formal Rule 68 Offer of Judgment upon Plaintiff. (Doc. No. 13.) Specifically, Defendant stated as follows:

1.      Defendants will allow judgment to be entered in favor of Plaintiff and against Defendants Regent Asset Management Solutions, Inc., and D. Scott Carruthers in the sum of $1,200.00, plus any reasonable attorney fees and costs as determined by the Court pursuant to schedule agreed to by the parties and set forth in the Court's January 26, 2010 docket entry.

2.      If this Offer of Judgment is accepted, Defendants concede that Plaintiff is the prevailing party as understood in 15 U.S.C. § 1692(k) and agree that neither of them will ever contact Plaintiff again regarding collection of the account(s) involved in this case.

(*Id*.) Plaintiff accepted the Offer of Judgment that same day. (Doc. No. 14.)

On February 15, 2010, Plaintiff filed her petition for attorney fees and costs. (Doc. No. 15.) Specifically, Plaintiff seeks $350 as litigation costs and $6,525 as attorneys' fees, for a total award of $6,875. (*Id.* at p. 14.) On  March 8, 2010, Defendants filed an opposition, wherein they argue that an award of $2,400, reflecting double the amount of the underlying recovery, is appropriate, and alternatively, that the Plaintiff's requested award be reduced by at least $1,240. (Doc. No. 16.) On March 22, 2010, Plaintiff filed a reply. (Doc. No. 17.) Against this backdrop, this matter is ripe for resolution.

## II.      LAW AND ARGUMENT

The FDCPA mandates the award of "a reasonable attorney's fee" and costs to a prevailing party. *See* 15 U.S.C. § 1692k(a)(3); *Lee v. Thomas & Thomas*, 109 F.3d 302, 307 (6th Cir. 1997). A reasonable fee is one that is "adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). Determining a

reasonable fee begins with calculating the product of "a reasonable hourly rate" and "the number of hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). This product has come to be known as the "lodestar." *Garner v. Cuyahoga County Juvenile Court*, 554 F.3d 624, 642 (6th Cir. 2009). The Court must indulge a "strong presumption" that the lodestar "represents a 'reasonable' fee." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986). However, if the plaintiff has achieved only partial success, the award may be adjusted as necessary to achieve a reasonable result. *DiLaura v. Twp. of Ann Arbor*, 471 F.3d 666, 672 (6th Cir. 2006).

## A.    Reasonable Hourly Rate

To calculate the lodestar, the Court must first determine the "reasonable  hourly rate." "A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994). "A useful guideline in determining a reasonable hourly rate is the 'prevailing market rate [. . .] in the relevant community.'" *Dowling v. Litton Loan Servicing LP*, 320 Fed. Appx. 442, 447 (6th Cir. 2009), quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The prevailing market rate is defined as "that rate which lawyers of comparable skill and experience can reasonably expect to command [. . .]." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000). "The appropriate rate [. . .] is not necessarily the exact value sought by a particular firm, but is rather the market rate [. . .]." *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 618 (6th Cir. 2007).

In this case, Plaintiff seek an award based upon a rate of $325 per hour for Attorneys Levin and Luxenburg, and $125 for paralegal and law clerk work. (Doc. No. 15 at p. 10.) Plaintiff supports the rates with the following evidence:

1.      Experience of each attorney as set forth in their biographies and affidavits (Docs. 15-2, 15-3.)

2.      The Laffey Matrix, which, based on 2007-2008 rates, indicates that a rate of $395 is reasonable for attorneys, such as Attorneys Levin and Luxenburg, with 11-19 years of experience.[1]

3.      The Affidavits of three consumer protection attorneys, Larry Smith, Marshall Meyers, and E. Scott Fortas, opining that the hourly rates sought in this case are reasonable.

Defendants challenge the attorneys' rates as "lofty," and cite to two FDCPA cases from district courts in this circuit, *Kuhne v. Law Offices of Timothy E. Baxter & Assocs., P.C.*, No. 08-14088, 2009 U.S. Dist. LEXIS 53317 (E.D. Mich. June 23, 2009) and *Kelly v. Montgomery Lynch & Assocs.*, No. 07-cv-919, 2008 U.S. Dist. LEXIS 79129 (N.D. Ohio Oct. 8, 2008), where the court awarded requested fees of $265, and $300, respectively, in support of their position.

In the first instance, the Court notes that "[r]ates awarded in prior cases may be some evidence of what the market rate is, but they do not set the market rate." *Dowling v. Litton Loan Servicing LP*, 320 Fed. Appx. 442, 447 (6th Cir. 2009) (citing  *B & G Mining, Inc. v. Dir., Office of Workers' Comp. Programs,* 522 F.3d 657, 664 (6th Cir. 2008)). In *Dowling*, a 2009 case out of the Southern District of Ohio, the Sixth Circuit affirmed a billing rate of $300 per hour as reasonable for an attorney with thirty years experience in a FDCPA case. The court in *Kelly*, *supra*, relying upon a state bar survey and counsel's experience, determined that a rate of $300 per hour was reasonable in a FDCPA case for an attorney with 30 years of experience,

---

[1] The "'*Laffey* Matrix,' [is] an official statement of market-supported reasonable attorney fee rates which was adopted, and is periodically updated, by the United States Court of Appeals for the District of Columbia." *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 347 (6th Cir. 2000), citing *Laffey v. Northwest Airlines, Inc.*, 746 F.2d 4 (D.C. Cir. 1984), *overruled in part by Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516 (D.C. Cir.1988) (en banc). The *Laffey* Matrix is available online at http://www.justice.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_8.html. The Court is somewhat unclear as to why Plaintiff did not use the readily accessible 2009-10 rate in her petition.

$150 per hour was reasonable for an associate on the case (reduced from $200), and $75 was reasonable for a paralegal on the case (reduced from $100 hour). *Kelly, supra*. In *Livingston v. Cavalry Portfolio Servs.*, *LLC*, No. 09-cv-384, 2009 U.S. Dist. LEXIS 113274 (N.D. Ohio Dec. 2, 2009), an FDCPA action, the court approved a billing rate of $394 per hour as reasonable for a managing partner of a consumer law firm, and rates of $254 and $215 an hour as reasonable for associate attorneys with between two and five years of experience. *Id.*

In this case, the Court finds that a rate of $300 for Attorneys Levin and Luxenburg and $100 for each of the paralegals and law clerks is reasonable. These rates are consistent with the case law as set forth in the preceding paragraphs, and are within the range of reasonableness for experienced litigators in the Northern District of Ohio. The Court has gleaned from each attorney's biography that each has substantial experience in consumer litigation. The Court has also given minimal consideration to the affidavits of Attorneys Smith, Meyers, and Fortas, as none of them are admitted to practice in this state or otherwise indicate any reason from which this Court might surmise their expertise as to the reasonable market rate of a consumer law attorney in Ohio. Additionally, the Court notes that while the *Laffey* Matrix is based upon the Washington, D.C., area, and not northeast Ohio, $300 per hour falls well within the *Laffey* Matrix range and courts in this circuit have relied upon the matrix in determining the reasonableness of rates in FDCPA cases. *See, e.g., Livingston*, *supra*.

**B.      Number of Hours Reasonably Expended on Litigation**

In her petition and the accompanying affidavits, Plaintiff submits that Attorney Levin spent a total of 15.0 hours, Attorney Luxenburg spent 4.5 hours, and the two paralegals and one law clerk spent a combined total of 1.5 hours working on her case. Plaintiff has submitted detailed billing records specifically justifying work completed. (Doc. No. 15-1.)

Defendants seek to reduce these fees on three grounds: (1) because they are "plainly duplicative and excessive," (2) 4.2 of the hours were associated with "preparing [Plaintiff's] Petition for Attorneys' Fees and Costs," and (3) 0.3 hours of the hours billed at a paralegal's rate were more appropriately billed as "purely clerical or secretarial." (Doc. No. 16 at pp. 3-4). Each argument will be considered *seriatim*.

1.    *Plaintiff's Attorney's Work Was Not "Duplicative and Excessive"*

The Supreme Court has cautioned that the "district court also should exclude from this initial fee calculation hours that were not 'reasonably expended' [because] cases may be overstaffed, and the skill and experience of lawyers vary widely." *See Hensley*, 461 U.S. at 433. In this case, although Defendants claim that utilizing "both of them [Attorneys Levin and Luxenburg] to prepare and review a filing with relatively straightforward issues can only be viewed as duplicative and excessive." (Doc. No. 16 at p. 3 (emphasis in original).) Notably, Defendants do not point to specific instances of "duplicative and excessive" work by Plaintiff's attorneys. The Court has carefully reviewed the billing records, however, and with the possible exception of the preparation of the fee petition as discussed below, the Court finds the hours expended on this case to be neither duplicative nor excessive. Indeed, excepting the attorney fee petition, this Court can find no instances in the billing records where Attorneys Levin and Luxenburg spent substantial amounts of time reviewing each other's work, and only insignificant instances where their work overlapped. *Cf. St.-Gobain Autover United States, Inc. v. Xinyi Glass N. Am., Inc.,* No. 06-2781, 2010 U.S. Dist. LEXIS 36129 (N.D. Ohio Apr. 12, 2010) (suggesting that four attorneys participating in a deposition, three attorneys *defending* a deposition, and four attorneys billing almost 200 hours on "discovery issues" was duplicative absent further justification). The Court therefore declines

6

Defendants' request to reduce Plaintiff's attorneys' fees as "plainly duplicative and excessive."

> 2.    *Plaintiff's Recovery for Work Expended in the Preparation of the Fee Petition is Limited to Three Percent of the Total Work Expended*

Next, Defendants argue that Sixth Circuit case law dictates that, for the preparation of the fee petition, Plaintiff is entitled to an award based on no more than three percent of the total hours expended in the underlying case. The Sixth Circuit's "general rule is that, in the absence of unusual circumstances, the 'fees for fees' recovery should not exceed three percent of the hours in the main case which is decided without trial." *Auto Alliance Int'l, Inc. v. United States Customs Serv*., 155 Fed. Appx. 226, 229 (6th Cir. 2005) (citing *Coulter v. Tennessee*, 805 F.2d 146, 151, 152 (6th Cir. 1986)); *see also Gonter v. Hunt Valve Co*., 510 F.3d 610, 620 (6th Cir. 2007) (same). Plaintiff suggests that "the unusual circumstances [in this case] are simply the manner in which the case played out." (Doc. No. 17 at p. 6.) *Coulter* instructs that the three-percent "guidelines and limitations are necessary to insure that the compensation from the attorney fee case will not be out of proportion to the main case and encourage protracted litigation." *Coulter*, 805 F.2d at 151.

In this case, Plaintiff's recovery is $1,200, reflecting the statutory maximum under the FDCPA and Ohio's similar statute, and Plaintiff is requesting an award of $1,365 (4.2 hours expended times the requested rate of $325 per hour) for preparation of the fee petition. While the Court agrees with Plaintiff, as stated above, that "Plaintiff's attorneys did not do any unreasonable or unnecessary work in order to protract this case and run up their fees," (Doc. No.. 17 at p. 6), Plaintiff's requested award for preparation of the fee petition would, in this case, be completely out of proportion to the main case. Therefore, the Court will apply the rule in *Coulter* and award three-percent of the total hours expended in the case as a whole as a reasonable fee for preparation of the fee petition. Thus, Plaintiff is entitled to recover for 0.5 hours as reasonably

expended on the fee petition (3% of the 16.8 hours expended on the case is 0.5 hours, rounded).

### 3.  *Plaintiff Cannot Recover for Paralegal Billings for Purely Clerical Tasks*

Finally, Defendant argues that Plaintiff's billings should be reduced by 0.3 hours for work expended and billed at a paralegal's rate that was "purely clerical or secretarial," specifically the 0.3 hours spent by paralegal Julie Shaw-Safenowitz on October 15, 2009, to "file a new lawsuit through federal court ECF system." (Doc. No. 5.) "The only inquiry for requested paralegal fees should be whether the work was sufficiently complex to justify the efforts of a paralegal, as opposed to an employee at the next rung lower on the pay-scale ladder." *Gross v. Perrysburg Exempted Vill. Sch. Dist.*, 306 F. Supp. 2d 726, 737 (N.D. Ohio 2004) (citing *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1315 (7th Cir. 1996)). The court in *Livingston, supra,* held that "E-filing is not an activity sufficiently complex to require the professional training of a paralegal" and accordingly reduced a fee request. *Livingston*, 2009 U.S. Dist. LEXIS 113240 at *8-9. Given the minimal amount affected by this argument, Plaintiff does not offer a substantial response, but suggests that the Court's own "Electronic Filing Policies and Procedures Manual" states that the "electronic filing of a document under an attorney's unique password constitutes a party's signature for FED. R. CIV. P. 11 purposes." (Doc. No. 17 at p. 7.) While that is undoubtedly true, it does not necessarily follow, as Plaintiff suggests, that this dictates the conclusion that using a paralegal to file a new lawsuit electronically, as opposed to a secretary, is justified. Accordingly, the Court shall follow *Livingston*, and will reduce the paralegal fee award by 0.3 hours.

## C.  **Final Lodestar Calculation**

In accordance with the adjustments as discussed above, the Court sets the lodestar at $4,860 calculated as follows:

1.      Attorneys Levin and Luxenburg reasonably expended 15.8 hours on this case. This total reflects a reduction in attorney time of 3.7 hours, for amounts billed in excess of the three-percent rule in preparation of the fee petition. The Court determines the reasonable rate for their services to be $300 per hour, for a total of $4,740.

2.      The paralegals reasonably expended 1.2 hours on this case. This total reflects a reduction in paralegal time of 0.3 hours for "purely clerical or secretarial tasks" improperly billed at a paralegal's rate. The Court determines a reasonable rate for their services to be $100 per hour, for a total of $120.

3.      The total lodestar is, therefore, $4,860.

**D.      Adjustments to the Lodestar**

"[I]f the plaintiff has achieved only partial success, the award may be adjusted as necessary to achieve a reasonable result." *Dowling,* 320 Fed. Appx. at 446 (quoting *DiLaura, supra*). Defendants argue that while Plaintiff has "succeeded on her claims under the Fair Debt Collection Practices Act and the Ohio Consumer Sales Practice Act [. . .] [s]he did not, however, succeed on her other claims, including actual compensatory damages and three times all actual damages suffered (personal humiliation, embarrassment, mental anguish, and emotional distress)." (Doc. No. 16 at p. 2.) As a result, Defendants request that the Court reduce Plaintiff's fee award to "be commensurate with[her] success." (*Id.*) Defendants propose that a fee reduction to $2,400, representing "double the Plaintiff's recovery" is appropriate. (*Id.*) Plaintiff asserts that her "level of success in this case was very high" and that her attorneys achieved a result of the maximum statutory damages under both the FDCPA and OCSPA "without conducting any discovery and without the necessity of protracted litigation," and that, as a result, no reduction in fees is warranted. (Doc. No. 17 at p. 4.) The Court agrees with Plaintiff.

Attorney's fees are typically not awarded for unsuccessful claims, as fees should be awarded solely to "prevailing parties." *Hensley*, 461 U.S. at 435. The Supreme Court accords

the trial court broad discretion determining whether a reduction in fees is appropriate:

> There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment.

*Id*. at 436. Therefore, a fee request may be reduced "if the relief awarded Plaintiff was limited in comparison to the scope of the litigation as a whole." *White v. Cadle Co*, No. 96-047, 1999 U.S. Dist. LEXIS 15760 at *19 (S.D. Ohio Sept. 30, 1999) (citing Hensley, 461 U.S. at 434).

In this case, Plaintiff asserted only two claims in her complaint, and she successfully recovered the maximum amount of statutory damages as to each. To the extent that Plaintiff might be considered "unsuccessful" in recovering actual damages, "[w]here, as here, the claims are related, the fact that some claims ultimately fail while others succeed is not reason to reduce the fee award." *Dowling,* 320 Fed. Appx. at 448. Defendants' suggestion to use a mathematical approach to limit Plaintiff's fee award to double the statutory damages is not supported by case law. *See, e.g., Purtle v. Eldridge Auto Sales*, 91 F.3d 797, 802 (6th Cir. 1996) (stating, in a Truth In Lending Act case with a similar mandatory fee shifting scheme, that "the attorney's fees are not limited by the amount of [the plaintiff's] recovery").

This Court is also mindful of the purpose of the policies underlying fee shifting statutes such as the one contained within the FDCPA. "Congress provided fee shifting to enhance enforcement of important civil rights, consumer-protection, and environmental policies. By providing competitive rates we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated." *Student Public Interest Research Group v. AT & T Bell Laboratories*, 842 F.2d 1436, 1449 (3d Cir. 1989). In this case, reducing the award would be inconsistent "with congressional intent that debtors, acting as 'private attorneys general,' will enforce the FDCPA." *Dowling,* 320 Fed. Appx.

at 448. "Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." *Tolentino v. Friedman*, 46 F.3d 645, 653 (7th Cir. 1995).

Finally, this Court notes that a fee award of $4,860 in an FDCPA case where the Plaintiff recovers $1,200 is wholly consistent with awards made by other district court's sitting in this circuit. *See, e.g., Richard v. Oak Tree Group Inc*., No. 06-362, 2009 U.S. Dist. LEXIS 90841 (W.D. Mich. Sept. 30, 2009) (fee award of $3,082 for $50 remedy); *White v. Cadle Co*., *supra,* (reduced fee award of $13,524 reasonable for $1,700 recovery after attorney "achieved partial success"); *Mann v. Acclaim Fin. Servs*., 348 F. Supp. 2d 923 (S.D. Ohio 2004) (fee award of $20,133.33 for $1,200 statutory damages award); *Livingston, supra,* (fee award of $2,951.20 after $1,001 Offer of Judgment).

Therefore, for the foregoing reasons, the Court declines to make any adjustment to the lodestar amount as set forth above, and awards Plaintiff reasonable attorneys' fees of $4,860.

**E.     Costs**

Plaintiff also seeks $350 as litigation costs incurred as a filing fee paid to the Clerk of Courts to file this lawsuit. (Doc. No. 15 at p. 14.) Defendants do not specifically oppose this award, but rest on their prior argument, rejected above, that Plaintiff's total award for fees and costs should be limited to $2,400.

"The FDCPA mandates the award of 'a reasonable attorney's fee' *and costs* to a prevailing party." *Dowling*, 320 Fed. Appx. at 446 (citing 15 U.S.C. § 1692k(a)(3)) (emphasis added). Moreover, under Rule 54(d), the prevailing party is entitled to recover costs, unless the

court directs otherwise. The Supreme Court has limited reasonable costs to those enumerated in 28 U.S.C. § 1920. *Crawford Fitting v. J.T. Gibbons, Inc*., 482 U.S. 437 (1987). Section 1920 provides for the recovery of, among other things, "(1) Fees of the clerk and marshal [. . .]."28 U.S.C. § 1920. Section 1914(a) requires a filing fee of $350 to be collected by the clerk of the district court from any "part[y] instituting any civil action, suit, or proceeding in such court [. . .]" except in applications for a writ of habeas corpus. 28 U.S.C. § 1914(a). Therefore, Plaintiff's request for an award of $350 as costs is well-taken.

## III.     CONCLUSION

For the foregoing reasons, Plaintiff's petition for attorneys' fees and costs (Doc. No. 15) is **GRANTED** and Plaintiff is awarded $5,210 ($4,860 in fees and $350 in costs). This case is closed.

**IT IS SO ORDERED**.

Dated:     May 3, 2010                        _____
                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**